```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF IOWA
            WESTERN DIVISION
```

| | |
|---|---|
| JEROME DAVIS,<br><br>        Plaintiff,<br><br>vs.<br><br>TOM HOGAN AND E.R.C., INC.[1],<br><br>        Defendants. | CASE NO.: 06 cv 4029<br><br>**ORDER** |

**TABLE OF CONTENTS**

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . 2

II.  FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . 4

III. LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . 5
     A.  Summary Judgment . . . . . . . . . . . . . . . . . . 5
         1.  Standards for summary judgment . . . . . . 5
         2.  Plaintiff's motion for summary judgment . . 7
     B.  Pro Se Appeal of Magistrate Judge's Decision Re:
         Order on Motion for Miscellaneous Relief
         (Docket No. 43) . . . . . . . . . . . . . . . . . . 9
     C.  Motion for Certification of Class Action and
         Appointment of Counsel to Represent the Class
         (Docket No. 44) . . . . . . . . . . . . . . . . . . 10
     D.  Pro Se Motion Appeal of Magistrate Judge's
         Decision Re: Order on Motion to Compel (Docket
         No. 70) . . . . . . . . . . . . . . . . . . . . . . 13

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 14

---

[1] Mr. Davis initially filed this case against only Tom Hogan, however, after a pretrial conference with Magistrate Judge Paul Zoss, Mr. Davis filed a "Motion to Add Parties" (Docket No. 65) adding E.R.C. Inc. to the case.

## I. INTRODUCTION:

On April 4, 2006, plaintiff Jerome Davis filed an action against Tom Hogan, the president of E.R.C., Inc., the manufacturer of the Emergency Restraint Chair (E.R.C.). In his pro se complaint, Mr. Davis alleges violations of the Fourteenth Amendment Due Process clause and the Equal Protection clause. Mr. Davis later amended his complaint alleging the E.R.C. is a defective product and Mr. Davis also added E.R.C. Inc., as a defendant. He also seeks to have this case declared a class action and to have counsel appointed to represent the class. Furthermore, Mr. Davis seeks to have the chair declared illegal and to abolish its use on pre-detainees. Mr. Davis seeks substantial compensatory and punitive damages.

Defendants filed an answer, generally denying the allegations of the amended complaints, and asserting 16 affirmative defenses. These include: 1. there was no defect in the product; 2. any injuries plaintiff received were proximately caused, either by his own misconduct or my the acts of others not parties to this case; 3. there was no reasonable alternative safer design for the product; 4. plaintiff was not injured by the product; 5. plaintiff was not

2

injured; 6. all foreseeable risks of harm were the subject of adequate warnings; 7. the product was delivered free from any defects; 8. plaintiff voluntarily assumed the risk by virtue of his own misconduct; 9. plaintiff was at fault and is the proximate cause of his injuries; 10. the amended complaint fails to state a claim for relief, 11. the product conformed to the state of the art in existence at the time the product was designed, tested, manufactured, formulated, packaged, provided a warning, or labeled; 12. the product was accompanied with reasonable and visible warnings and instructions; 13. plaintiff's misconduct was the sole proximate cause of his alleged injuries; 14. the conduct of others not parties to the case are the proximate cause of the plaintiff's alleged injuries; 15. Tom Hogan is not the proper defendant; and, 16. this Court has no jurisdiction.

There are six outstanding motions in this case. Plaintiff has filed a pro se motion for summary judgment (Docket No. 37), pro se appeal of Magistrate Judge's decision Re: Order on motion for miscellaneous relief (Docket No. 43), pro se motion for certification of a class action (Docket No. 44), pro se motion for appointment of counsel to represent the class (Docket No. 44), pro se motion appeal of Magistrate

Judge's decision Re: Order on motion to compel (Docket No. 70), pro se motion to appeal Magistrate Judge's decision Re: Order on motion for extension of time for Scheduling Order deadlines (Docket No. 135). The defendant has filed a cross motion for summary judgment (Docket No. 96).

**II.  FACTUAL BACKGROUND:**

The summary judgment record reveals that the following facts are undisputed. E.R.C., Inc., is a corporation located in Denison, Iowa. Thomas Hogan is the president of E.R.C., Inc. E.R.C., Inc. manufactured the Emergency Restraint Chair ("E.R.C."), the chair which is at the center of the current suit.

On November 16, 2004, while being held as a pre-trial detainee in the Lancaster County Jail in Lancaster County, Nebraska, Mr. Davis became involved in an altercation with prison guards at the jail. Mr. Davis was restrained in the E.R.C. following the altercation for approximately 2 hours. Neither Mr. Hogan nor anyone from E.R.C., Inc. was involved in the altercation at the jail.

Plaintiff claims the E.R.C. is defective and caused his damages. Mr. Davis claims the chair is illegal because it was used in violation of his due process rights and because the

chair is defective.

Mr. Davis' alleged damages include: numbness in his hands, arms, legs and feet, "post trauma" stress disorder, nightmares, disturbing illusions, panic and anxiety attacks, erectile dysfunction, low back pain, poor circulation, depression, uncontrollable sobbing, mental anguish, pain and suffering and psychological distress.

**III. LEGAL ANALYSIS:**

   **A.   Summary Judgment**

   **1.   Standards for summary judgment**

The standard for granting summary judgment is well established. A motion for summary judgment may be granted only if, after examining all of the evidence in the light most favorable to the nonmoving party, the Court finds that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Montgomery v. John Deere & Co., 169 F.3d 556, 559 (8th Cir.1999). A fact is material if it might affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255

5

(1986). An issue of material fact is genuine "if it has a real basis in the record." Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir.1992) (citing Matsushita, 475 U.S. at 586-87).

The party moving for summary judgment bears the "initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show lack of genuine issue." Celotex, 477 U.S. at 323. Once the moving party has carried its burden, the opponent must go beyond the pleadings and designate specific facts-by such methods as affidavits, depositions, answers to interrogatories, and admissions on file-that show there is a genuine issue for trial. See Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324. The evidence of the nonmoving party is to be considered as true, and justifiable inferences arising from the evidence are to be drawn in his or her favor. Anderson, 477 U.S. at 255. If the evidence of the nonmoving party is "merely colorable," or is "not significantly probative," summary judgment may be granted. Id. at 249-50. Thus, although the nonmoving party does not have to provide direct proof that genuine issues of fact exist for trial, the facts and circumstances that the nonmoving party relies upon must "attain the dignity of substantial evidence and must not be

6

such as merely to create a suspicion." Metge v. Baehler, 762 F.2d 621, 625 (8th Cir. 1985). In essence, the evidence must be "such that a reasonable jury could find a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Nevertheless, the plain language of Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); see also Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1205 (8th Cir.1997) (citing Bialas v. Greyhound Lines, Inc., 59 F.3d 759, 762 (8th Cir.1995)).

**2. Plaintiff's motion for summary judgment (Docket No. 37)**

Mr. Davis contends that he is entitled summary judgment because "in the instant case when did it become legal to illegally restrain an American citizen, pretrial detainees, or prisoners without due process of law guaranteed by the 14th Amendment?" "Not only is [the E.R.C.] unconstitutional as a matter of law, the corpis punishment causes injuries to the body physically and mentally, yet, it still violates existing

7

laws."  "Not withstanding the fact that such a product is cruel and unusual punishment which is prohibited by the 8th Amendment; its inhumane and promotes involuntary servitude prohibited by the 13th Amendment of the U.S. Constitution. Whereas Plaintiff has suffered injuries from such product; in which was impossible for such injures to be self-inflicted as you're totally incapacitated while strapped to this barbaric concoction."  "Wherefore and accordingly, there is no genuine issue as to any material fact, and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, said Plaintiff is entitled to summary judgment as a matter of law."

Defendants counter Mr. Davis' motion, contending that that only fact that Mr. Davis establishes is that Mr. Davis was restrained in the E.R.C.  Defendant's further claim that while this may establish a claim against the officers who restrained Mr. Davis, this fact does not establish the existence of a defect in the E.R.C.

Here, the circumstances do not warrant a finding that defendants are liable at this stage in the proceedings. Specifically, viable issues remain as to whether the E.R.C. is defective, whether Mr. Davis suffered any damages as a result of being strapped in the E.R.C., and whether defendants were

8

the proximate cause of any of the alleged injuries Mr. Davis suffered. The motion for summary judgment is denied.

**B. Pro Se Appeal of Magistrate Judge's Decision Re: Order on Motion for Miscellaneous Relief (Docket No. 43)**

Mr. Davis appeals to the District Court the decision of U.S. Magistrate Judge Zoss' order regarding Mr. Davis' motion for miscellaneous relief. (Docket No. 39). In this motion for miscellaneous relief, Mr. Davis asked the Court to direct the Clerk of the Courts to prepare all 216 copies of his submitted documents for him. These 216 pages appear to be reports from every person who was placed in the E.R.C. Judge Zoss granted in part and denied in part Mr. Davis' motion, directing the Clerk of the Court to send Mr. Davis pages 1, and 4-8. These are the pages that pertain to Mr. Davis' current lawsuit.

The Court, during a hearing on these motions, was persuaded that Mr. Davis should have a copy of all these pages. As such, the Court granted plaintiff's motion and ordered the Clerk of the Court to mail all remaining pages to Mr. Davis. Mr. Davis should have all the pages he requested. As such, Mr. Davis' appeal of Magistrate Judge Zoss' order is denied as moot.

9

**C. Motion for Certification of Class Action and Appointment of Counsel to Represent the Class (Docket No. 44)**

Mr. Davis asks the Court, pursuant to F.R.C.P. 23, for certification of a class action and appointment of counsel to represent the class. (Docket No. 44) Mr. Davis argues the case "should be certified as a class action due to the voluminous amount of people who have been placed in the product in question; (the Emergency Restraint Chair) in which the Plaintiff believes is injurous in its intended purpose, as its intested purpose violated an American citizens's right to due process of law." "Therefore, the thousands of individuals who have been subjected to this product have been exposed to this cruelty; has been injured if not physically then psychologically, in which in the instant case we believe that we can fairly and adequately protect the interests of the class."

Defendants filed a resistance, arguing that Mr. Davis cannot satisfy the numerosity, commonality, or typicality requirements of F.R.C.P. 23. First, defendants argue Mr. Davis cannot meet the numerosity requirements because Mr. Davis has given no reliable estimate of the number of inmates that would be in the class. Second, defendants opine that Mr. Davis cannot meet the commonality requirement because these

10

individuals have nothing of legal significance in common-as this is a products liability case, the class members would have to show that the E.R.C. was the proximate cause of their injury, something that they cannot do. Defendants argue that the fact that these inmates were confined is not enough. Third, defendants argue that Mr. Davis cannot establish the typicality requirement as he has failed to show anyone, including himself, was injured by the E.R.C.

F.R.C.P. 23(a) states, in part:

> Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The Court is persuaded that Mr. Davis could meet the numerosity requirement if he can show that joinder of all members is impracticable. As there are many E.R.C. utilized in prisons and other establishments across the country, there would be numerous individuals who were subjected to being strapped in the chair. It would be impracticable to try all these individual cases.

11

Secondly, the Court is peruaded that Mr. Davis could meet the commonality requirement. Each member does not have to have the exact same injury, instead, has to have suffered a common injury. If the chair is indeed defective and causes the alleged injuries, then almost anyone who was strapped into the chair would have a common injury.

Third, the claims would be typical if Mr. Davis could show that the E.R.C. caused hands and legs to go numb and caused other injuries. Claims and defenses alleged in this case would be litigated in all cases involving the E.R.C.

However, this Court cannot find that Mr. Davis would "fairly and adequately protect the interests of the class." Mr. Davis has demonstrated to the Court that he cannot work with any attorney. He has fired his two previous court-appointed counselors, and filed motion for sanctions and motions to hold them in contempt. The Court denied these rulings, and Mr. Davis appealed the denial to the Eighth Circuit which also denied Mr. Davis' rulings. Mr. Davis requested a specific attorney be appointed to represent the class; however, this attorney contacted the Court and stated he had no interest whatsoever in representing Mr. Davis. As such, Mr. Davis has demonstrated to the Court that he would

12

not be a proper plaintiff to represent the class.

Therefore, Mr. Davis' motion for certification of class action and to appoint of counsel to represent the class are denied.

**D. Pro Se Motion Appeal of Magistrate Judge's Decision Re: Order on Motion to Compel (Docket No. 70)**

Mr. Davis appeals to the District Court Magistrate Judge Zoss' Order granting in part and denying in part Mr. Davis' motion to compel. (Docket No. 68) Mr. Davis' motion to compel (Docket No. 49) sought "all the information to the insurance company of the Emergency Restraint Chair, "The Agreement or the Policy," all other tangible things pertaining to the E.R.C. or the manufacturing, including instruction videos, tests, etc, and information on all purchasers of the E.R.C. Magistrate Judge Zoss ordered that the defendants provide Mr. Davis with a copy of the insurance policy, but were not required to provide information about the premium or any adjustor who might be assigned the file. Judge Zoss also ordered that the defendants make available a copy of the instruction video, in the event that Mr. Davis hires an expert to testify, and provide him with non-redacted copies of the instructional manual. Finally, Judge Zoss denied Mr. Davis' request for all sales information regarding the E.R.C. as that

13

information is not relevant to any issue.

Again, the Court is persuaded that Judge Zoss' ruling is appropriate. Therefore, Mr. Davis' appeal is denied.

## IV. CONCLUSION

The Court is aware the defendants have filed a motion for summary judgment (Docket No. 96). However, as the Court has given Mr. Davis until October 15, 2007, to disclose his expert witnesses. The Court feels that ruling on defendants' motion for summary judgment is premature.

**IT IS THEREFORE HEREBY ORDERED:**

1. Plaintiff's pro se motion for summary judgment (Docket No. 37) is hereby **denied.**

2. Plaintiff's pro se appeal (Docket No. 43) of U.S. Magistrate Zoss' Order Re: motion for miscellaneous relief (Docket No. 39) is hereby **denied.**

3. Plaintiff's pro se motion for certification of a class action and for appointment of counsel to represent the class (both motions contained in Docket No. 44) are each hereby **denied.**

4. Plaintiff's pro se appeal (Docket No. 70) of U.S. Magistrate Zoss' Order Re: motion to compel (Docket No. 68) is hereby **denied.**

14

5.  Defendant's motion for summary judgment (Docket No. 96) is **hereby held in abeyance** until after the deadline provided to plaintiff for filing his expert witnesses has passed.

**IT IS SO ORDERED** this 28th day of September, 2007.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

by: /s/ des 9/28/07